UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASEM MOSA AL-SHAIBI, | 1:09-cv-00363 OWW YNP (DLB) (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING CASE BE DISMISSED FOR FAILURE TO PROSECUTE |
| vs. | |
| ATTORNEY GENERAL, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAY |
| Respondents. | |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

This action was filed on February 27, 2009.  On March 2, 2009, documents including a "Litigant Letter" were mailed to Petitioner, and on March 12, 2009, the documents were returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

-1-

1  In the instant case, sixty (60) days have passed since Petitioner's mail was returned and he has
2  not notified the court of a current address.

3  In determining whether to dismiss an action for lack of prosecution, the court must consider
4  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
5  manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
6  disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v.
7  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
8  court finds that the public's interest in expeditiously resolving this litigation and the court's interest
9  in managing the docket weigh in favor of dismissal.  The court cannot hold this case in abeyance
10 indefinitely based on Petitioner's failure to notify the court of his address.  The third factor, risk of
11 prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from
12 the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
13 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is
14 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's
15 inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of
16 his current address, no lesser sanction is feasible.

17 **RECOMMENDATION**

18 Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
19 Petitioner's failure to prosecute.

20 This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
21 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304
22 of the Local Rules of Practice for the United States District Court, Eastern District of California.
23 Within thirty (30) days after being served with a copy, any party may file written objections with the
24 court and serve a copy on all parties.  Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
26 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
27 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
28 parties are advised

1 /////

2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6     IT IS SO ORDERED.

7     **Dated:  June 12, 2009**          **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE